CASE 10—PETITION EQUITY—JUNE 21.

# Robinson vs. Redman, &c.
# Schurman vs. Same.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Mere irregularities in proceedings to sell real estate, consisting of city or town lots held by, or in trust for, coparceners, joint tenants, or tenants in common, will not vitiate the sale, though they may be of such a character as to render he judgment erroneous.

2. *Chapter* 86, *Revised Statutes*, has no relation to this class of cases, which are provided for by *section* 543, *Civil Code*.

3. The failure to appoint some one to represent the infant owners will not vitiate the sale, nor will a failure to adjudge that their shares shall not be paid but remain at interest, a lien on the premises sold, until the infants arrive at age or marry, or their guardians or husbands execute bond, pursuant to *chapter* 86, *of the Revised Statutes*—vitiate the sale.

4. Although executors may have full discretionary power to sell real estate, its sale may be decreed by the proper court, with the assent of the executors, on the application of those entitled to the proceeds.

5. One executor, who has renounced his office, may unite with another who has not, in the execution of a joint discretionary trust.

6. When city or town lots held by, or in trust for, infants or married women, have been sold under the provisions of *section* 543, *Civil Code*, without the orders in the judgment required by that section, the court should allow the purchaser to elect to retain the money at interest as a lien; and if he elects not to retain it, it should be invested or loaned out under the control of the court.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

By *section* 543, *Civil Code*, courts of equity may decree the sale of city or town lots "held by, or in trust for, coparceners, joint tenants, or tenants in common, some of whom are infants, or persons of unsound mind," when a division would materially impair the value.

This is a peculiar class of cases, and jurisdiction is conferred upon the courts by said provision of the Code, upon the application of any owner against the others, or of the trustee against the owners, or of the owners against the trustee.

It directs, however, that, before a sale is ordered, the court shall appoint some suitable person to take care of the interest of the infants; and the shares of the infants shall not be paid by the purchasers, but remain a lien upon the land, bearing interest, until they become capable in law of receiving their respective shares, or until statutory guardians shall be appointed for the infants, or they become married, and their guardian or husband give bond, as required by *chapter* 86, *of the Revised Statutes*.

But all these provisions are merely directory to the court, and their non-observance is merely erroneous, for which an aggrieved party to the judgment might reverse; yet, the court having jurisdiction, its judgment, is not void because of these errors, but is binding until reversed.

Nor does it necessarily follow that a reversal of the judgment would vitiate the sale or disturb the title of a purchaser under it; indeed, the contrary is true as a general principle.

Besides, errors of this character may generally be corrected by the court pronouncing the judgment by proper and necessary orders, subsequent to the sale and before the case is finally disposed of, by the collection and disbursement of the fund.

Whether the decisions of this court, rendered in proceedings under *chapter* 86, *of the Revised Statutes*, may have gone further than was intended by the Legislature, or is compatible with the rights and interest of infants and married women, in requiring a literal compliance with the various requirements of said chapter, we need not now discuss, as said chapter has no relation to proceedings in this peculiar class of cases, provided for by *section* 543, *Civil Code*.

This petition was filed by Isabella and Robert Redman, who were left as executrix and executor of his will by the testator, Isaac Redman, who resided in Indiana at his decease.

Before it was filed, Robert Redman, after he had qualified as executor, went into the proper court in Indiana and renounced the executorship; after it was filed, but before judgment, Isabella Redman, the executrix, and widow of testator, died.

The object of the petition was two-fold: first, to obtain the construction of a clause of the will relative to her, but which her death renders unnecessary, as the interest of the children is precisely the same, whether the one or the other construction be proper.

The other, and main object, was to obtain a sale of two houses and lots on Main street, in the city of Louisville, Kentucky.

All those interested in the property are made parties. Mrs. Sicelatt, being part owner, objected to the sale.

The chancellor decreed a sale, and the appellants each purchased one of the lots and houses, and executed their bonds, according to the prescribed terms of the sale. These

purchasers resist the collection of the purchase money, ask that. the sale be set aside, and their bonds canceled, which the chancellor refused to do; and, to reverse these orders, the purchasers prosecute these appeals.

It is evident from the proof that the lots and houses. could not be divided in kind, and that a sale would advance the general interest of the owners; also, that it was necessary to enable the executrix to pay some specific legacies; but the chancellor did not appoint any one to represent the infants, and, instead of adjudging that their portion should be a lien on the property, and bear interest until they arrived at age, or had statutory guardians, or married, and their husbands should execute bond, as provided by *chapter* 86, *Revised Statutes*, directed that the money should be paid at stated periods, with the privilege to the purchaser to pay in three months, and to stop interest from payment; but, as before said, these are only irregularities, which the chancellor may yet correct, by giving to the purchasers a right to retain this money as a lien on the lots and houses until the provisions of said *section* 543 are complied with; or, if they should not elect to retain the money, keep it under the control of the court, and invest or loan it out until statutory guardians or the husbands of the married women shall execute the essential bond. But it is said this property could not rightfully be sold by the court because of the provisions of the testator's will.

The widow was entitled by the will and laws of Indiana to one third of the estate of all kinds absolutely, and all of the household and kitchen furniture, and such other personal property " as she may desire." To his son, William J., he bequeathed $4,000, three thousand of which to be paid in land. To his grandson, Henry C., he bequeathed $1,500, one thousand of which was to be paid in real estate. After the payment of all his debts, funeral expenses, dower, and specific legacies, he directed the remainder of his estate to be equally divided between his son, Robert S. Redman, and daughters, Maria Baird and Virginia Sicelatt, and then vested his executrix and executor with the power, " if they shall think it best in order to comply with this my last will, to sell, exchange all

or any part of my real estate, to execute, acknowledge, and deliver deeds in fee simple for the same.     *     *     *     * The real estate belonging to me in Louisville, Kentucky, shall not be sold, exchanged, or divided, without the consent and approval of my said executors; but the rents and profits of it may be divided between my heirs, according to justice, taking this, my will, for the criterion.   My heirs shall not have power to force or compel my executors to sell or divide my real estate that I now own, or that they may hereafter purchase, for the period of ten years from this date." Dated December 29th, 1855.

If it were essential to have the assent of the executrix and executor to a sale, which we do not so regard under said *section* 543, *Civil Code*, their assent is fully given and expressed in this petition.   Doubtless, had they been willing to incur the responsibility, they had full and ample power to sell and convey the title of this Louisville property without an appeal to the chancellor, and this notwithstanding Robert Redman had renounced his office of executor in open court; still he could execute, in conjunction with the executrix, the joint discretionary trust and power of sale; but, as a precautionary measure and for prudential reasons, they thought it better to file this petition and obtain the sanction of the court in a legal proceeding binding on all the parties.

The estate in Indiana was inadequate to the payment of debts, funeral expenses, and specific legacies, by several thousand dollars.   This Louisville property was the only remaining fund out of which this deficit could be raised; it was, therefore, proper to sell it for that purpose; the legatees had a right to demand their legacies; neither the executors nor the courts had a right to postpone them until the rents of the Louisville property would discharge the legacies.

The sale of the property was not in violation of the provisions of the will, and was right in any aspect of the case. The errors are not such as to vitiate the purchaser's title; and, as the sale is evidently to the interest of the infant owners, as well as the married women and adult owners, it should not be set aside at the instance of the purchasers.

The court below will make such further orders as may be necessary to comply with *section* 543, *Civil Code*, and are herein suggested, before the collection of the purchase money and the distribution of the fund.

Wherefore, the judgment is affirmed.